**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

DENNIS JOHNSON,

Plaintiff,

v. Case No. 07-CV-11129

GRAND TRUNK WESTERN RAILROAD, INC., also known as CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD (CN/IC), a Delaware Corporation,

Defendant.
_________________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the court is a motion for summary judgment, filed by Defendant Grand Trunk Western Railroad, Inc., also known as Canadian National/Illinois Central (CN/IC) ("Grand Trunk"), on December 13, 2007. The matter has been fully briefed and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

## I. BACKGROUND

Plaintiff Dennis Johnson worked for Defendant Grand Trunk Western Railroad, Inc., from 1969 to 2006 as a brakeman, conductor or supervisor. (Pl.'s Dep. at 6, 15-19, Def.'s Ex. 2.) On June 14, 2006, the day of the accident, Plaintiff was employed as a conductor for Defendant. (*Id*. at 62.) As a conductor, Plaintiff was responsible for making new trains by switching around empty railroad cars in the Pontiac yard. (*Id.*) Plaintiff had held his job at the Pontiac yard for a couple of weeks. (*Id.* at 62-63.) On

that particular day, Plaintiff's duties entailed switching approximately 40 railroad cars. (*Id*. at 72.)

Because of the difficulty in directing the large number of railroad cars and the possibility that there would not be enough room on the tracks, Plaintiff called the trainmaster for assistance. (*Id*. at 71-72.) After receiving no response from the trainmaster, Plaintiff decided to walk down the tracks to see, from a closer view, if he could evaluate whether the railroad cars could be switched. (*Id*. at 71-75.) Still unable to determine whether it was possible to switch the railroad cars, Plaintiff left to find the brakeman. (*Id*. at 81.) While walking in the direction of the brakeman, Plaintiff caught his toe on the end of a bundle of railroad ties and fell. (*Id.* at 81-82.) Specifically, Plaintiff states that he walked along the bundle of ties and then as he rounded the corner, he "must have caught [his] toe on the tie that was away from the stack and went down." (*Id.* at 82.) As a result of Plaintiff's fall, he suffered a shoulder injury. (*Id.* at 66-69.)

The incident occurred during daylight hours at approximately 1:30 p.m., a time in which Plaintiff had sufficient lighting to guide his path. (*Id.* at 82.) Plaintiff further acknowledges that the ground conditions had nothing to do with is fall. (*Id.* at 83.) Plaintiff stated that he did not look around the corner before he stepped around the corner in front of the pile of railroad ties. (*Id.* at 95.)

The railroad ties involved in the incident were not blocking Plaintiff's path to the brakeman. The railroad ties were located between two tracks with approximately 22 feet of space for walking room between the railroad ties and the left track, and 18 feet of space for walking room between the railroad ties and the right track. (Def.'s Ex. 8, 9.)

Plaintiff was aware that the railroad ties were stored in that manner and location at least several months prior to the incident. (Pl.'s Dep. at 105, Def.'s Ex. 2.) Prior to Plaintiff's fall, Defendant never received any complaints or reports of injuries in regards to the railroad ties from the Plaintiff nor any other employees. (Pl.'s Dep. at 105-106, Def.'s Ex. 2; Ramberg Affidavit, Def.'s Ex. 5, ¶ 8.)

Plaintiff contends that Defendant was negligent for providing an unsafe work environment, because the location of the railroad ties created a foreseeable risk of injury to Plaintiff. (Pl.'s Br. at 12-14.) Plaintiff brings his cause of action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* (*Id.* at 11-12.)

Defendant asserts that it is entitled to summary judgment because the undisputed facts conclusively establish that the sole cause of Plaintiff's injury was his own negligence in failing to avoid an obvious object and in failing to utilize the open space available while walking around the railroad ties. (Def.'s Br. at 2.)

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is

appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a

defense advanced by either party. *Kendall v. Hoover Co*., 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

**III. DISCUSSION**

To prevail on his FELA claim, Plaintiff must "prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation." *Adams v. CSX Transp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990) (quotation omitted). Defendant argues that it is entitled to summary judgment because under the undisputed facts, a reasonable jury could only conclude that Defendant fulfilled its duty to exercise care in providing Plaintiff with a reasonably safe workplace, and that Plaintiff's injury was unforeseeable given the known and readily apparent location of the railroad ties, which were located away from the work area. Defendant that asserts that Plaintiff has not presented any evidence that Defendant was negligent in storing the railroad ties in the relevant location and, as such, Plaintiff is solely responsible for the injuries he sustained. The court agrees and will grant summary judgment to Defendant.

An employer has a duty to take reasonable care in providing its employees with a safe workplace. *Bailey v. Central Vermont Ry.,* 319 U.S. 350, 352-353 (1943). Under FELA, a defendant's liability for negligence is "significantly broader than ordinary common-law negligence actions." *Nivens v. St. Louis Southwestern Ry. Co.,* 425 F. 2d 114, 118 (5th Cir. 1970). A FELA plaintiff must provide more than a scintilla of evidence of the defendant's negligence to survive a motion for summary judgment, "but not much more." *Aparicio v. Norfolk & Western Ry. Co.,* 84 F.3d 803, 810 (6th Cir. 1996) (overruled on other grounds). Moreover, if "the proofs justify with reason the conclusion that employer negligence played *any part*, even the slightest, in producing the injury or

death for which damages are sought," the question of negligence must go to the jury. *Rogers v. Missouri Pac. R.R. Co.,* 352 U.S. 500, 506 (1957) (emphasis added). Thus, neither the "open and obvious" doctrine nor contributory negligence act as a bar to recovery. Rather, contributory negligence merely diminishes the amount of damages recoverable in proportion to the negligence attributed to a plaintiff. 45 U.S.C. § 53. However, proof that a plaintiff's action's were the sole cause of an injury is a valid defense. *Toth v. Grand Trunk,* 306 F.3d 335, 351 (6th Cir. 2002) ("If the employee's own negligence was the sole cause of the accident, then it is proper to conclude that employer negligence played no role in causing the injury."); *see also Walden v. Illinois Central Gulf R.R.,* 975 F.2d 361 364 (7th Cir. 1992). Indeed, despite Plaintiff's relaxed burden, FELA is not a strict liability statute and a workplace injury alone is not sufficient to establish negligence. *Kuberski v. New York Cent. R.R. Co.,* 359 F.2d 90, 93 (2nd Cir. 1966); *see also Moore v. Chesapeake & O.Ry. Co.,* 340 U.S. 573, 577-78 (1951). Even under FELA, "[s]peculation cannot supply the place of proof," and some proof of negligence by Defendant is required. *Moore,* 340 U.S. at 578.

The facts surrounding Plaintiff's injury are not in dispute. The location and space accommodations of the railroad ties, and the lack of prior injuries or complaints concerning the presence of the railroad ties are accepted as true. The question before this court is whether Plaintiff's has offered any proof that Defendant is guilty of negligence and whether Defendant's injury was foreseeable. Plaintiff's complaint and his deposition testimony, fairly understood, do not offer any proof that storing railroad ties in an open and unobstructed area, around which there is ample walking room, in any way constitutes negligent conduct. Rather, Plaintiff offers mere speculation that his

injury could have been avoided had the railroad ties been stored somewhere else, been blocked off with any form of a barrier, or inspected on a routine basis. This speculation, however, cannot serve as evidence of Defendant's negligence. *Moore,* 340 U.S. at 578; *see also Kuberski,* 359 F.2d at 92 (holding that, despite the minimal amount of evidence need by a plaintiff to prove negligence under FELA, courts "ought not to sustain verdicts that can only be based on speculation"). Moreover, Plaintiff's argument that Defendant could have found a safer way to store the railroad ties is misplaced. "Under FELA, the proper inquiry is whether the method prescribed by the employer was reasonably safe, not whether the employer could have employed a safer alternative method for performing the task." *McKennon v. CSX Trans., Inc.*, 897 F.Supp. 1024, 1027 (M.D. Tenn. 1995).

Plaintiff offers no proof that the railroad ties were required to have routine inspections or that barriers were needed. In *Deutsch v. Burlington N. R.R. Co.,* 983 F. 2d 741, 744 (7th Cir. 1993), the court granted the defendant's motion for summary judgment in a FELA case because the Plaintiff failed to provide evidence that it was necessary for the employer to supply ladders with non-skid rungs. *See also Duron v. The Western Railroad Builders Corp.,*856 F. Supp 1538 (D. N.Mex. 1994) (granting motion for summary judgment, which claimed the Plaintiff's negligence was the sole cause of the injury, because Plaintiff failed to present evidence of Defendant's negligence). Plaintiff's bare assertions that Defendant should have inspected the railroad ties and that a barrier should have been erected, without proof that such steps are necessary or required, fails to adequately present a question of negligence on

behalf of Defendant.[1] *Accord McGinn v. Burlington*, No. 92 C 7368, 1994 WL 447454 (N.D. Ill. Aug. 17, 1994) (granting summary judgment to defendant railroad where plaintiff was injured when he tripped over his luggage at his feet and plaintiff failed to provide evidence that defendant was required to install luggage racks for its employees).

Plaintiff relies upon *Southern Ry. Co. v. Puckett*, 244 U.S. 571 (1915), *Brown v. Western Ry. of Alabama*, 338 U.S. 294 (1949), and *Wilkerson v. McCarthy,* 336 U.S. 53 (1949) as evidence that he has come forward with a question of negligence that should be presented to a jury; however, the facts in *Puckett, Brown,* and *Wilkerson* are distinguishable from the case before this court. *Puckett* and *Brown* involve the presence of debris along side a railroad track, not a semi-permanent storage location that is in plain view and provides for ample walking room.[2] Similarly, *Wilkerson* involved a path in which a board was placed over a pit, and not the appropriate method of storing railroad materials.

Even if Plaintiff provided evidence that Defendant breached a duty in some way, before Plaintiff may recover, he must first establish that Defendant breached its duty "to protect against *foreseeable* risks of harm." *Perkins v. American Elec. Power Fuel*

---

[1]Further, there is no evidence that, had an inspection occurred, it would have resulted in a different storage method or placement of the railroad ties. *See Peyton v. St. Louis S.W. Ry. Co.,* 962 F.2d 832, 833 (8th Cir. 1992) (affirming a directed verdict where plaintiff's theory was that the defendant should have inspected the defective "crow's foot for hidden stress cracks and defects," but there was no expert testimony regarding whether "the defect that caused the crow's foot to fracture could have been discovered through [an] inspection)."

[2]Indeed, in *Puckett*, the court even distinguished the facts of that case with one in which a "rail was placed on the roadbed, near the defendant's track and *was in full view of every passer-by*." *Puckett*, 244 U.S. at 810.

*Supply, Inc.,* 246 F.3d 593, 599 (6th Cir. 2001)[3] (citing *Hernandez v. Trawler Miss Vertie Mae, Inc.,* 187 F. 3d 432 (4th Cir. 1999)) (emphasis added). The applicable standard is what a reasonable person would foresee as a possibility of harm in the given circumstances. *Peyton v. St. Louis S.W. Ry. Co.,* 962 F.2d 832, 833 (8th Cir. 1992). Plaintiff steadfastly argues that Defendant knew or should have known that the railroad ties presented a possible tripping hazard because the railroad ties were located in a busy working area. Plaintiff exaggerates this "fact." It is undisputed that the pile of railroad ties were located in an area with ample walking space on either side: 18 feet of walking distance on one side and 22 feet of walking distance on the other. There is no evidence that employees were required to cross over, or even near, these ties. *Contra Brown,* 338 U.S. at 298; *Puckett*, 244 U.S. at 810. The absence of any previous injuries or complaints further demonstrates that the railroad ties were not obstructing the working area. Moreover, if an employer has never received a complaint or report of an injury, courts have found that a future injury is not foreseeable. *McKennon*, 897 F. Supp at 1028 (holding that injury not foreseeable where Plaintiff had worked with spike mauls for twenty years and had never experienced shoulder problems prior to his injury nor heard of such an injury); *see also Hernandez*, 187 F. 3d at 438 (a Jones Act case, where the court found it unforeseeable that a seaman would fail to duck when going through a doorway, which "presumably he had gone through hundreds of times before without incident."). Overall, given the facts that (1) the railroad ties were located in an

---

[3]*Perkins* is a Jones Act case, but the Jones Act adopts by reference the "judicially developed doctrine of liability" under FELA. *Hernandez v. Trawler Miss Vertie Mae, Inc.,* 187 F.3d 432, 436 (4th Cir. 1999).

area with ample walking room, (2) the railroad ties had been in the same location for a long period of time, (3) Plaintiff was aware of their location for at least several months, and (4) Defendant never received complaints or reports of injuries from Plaintiff or any other employee concerning the railroad ties, no jury could conclude that Defendant could have reasonably foreseen Plaintiff's injury. "Because reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence," summary judgment for Defendant is proper. *Adams v. CSX Transp., Inc.,* 899 F.2d 536, 540 (6th Cir. 1990) (quotation omitted).

Plaintiff's FELA claim fails because he has not offered any evidence that Defendant's storing of the railroad ties in an open and unobstructed area qualifies as negligent conduct. In addition, the open location of the railroad ties and lack of any other prior complaints or injuries renders Plaintiff's injury unforeseeable to a reasonable person.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Summary Judgment" [Dkt. # 14] is GRANTED. A separate judgment will issue.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2008, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522